

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 18, 1975

The Honorable Chris Victor Semos
Chairman
Committee on Business and Industry
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Opinion No. H- 696

Re: Ability of a legislator-architect
to contract with various governmental
bodies.

Dear Mr. Semos:

You have asked our opinion on the type of contracts an architecture firm may accept when a member of the firm also serves as a legislator. You have specifically asked about contracts with cities, school districts, counties, state agencies, and the federal government.

Article 3, section 18 of the Texas Constitution provides:

> . . . nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he was elected.

Accordingly, any contract with the State or a county must be examined to determine whether the contract was authorized by any law passed during a term for which the legislator was elected. A statute authorizing the governmental body to take the action which is the subject of the contract or appropriating money to be used to fulfill the obligation of the contract would be sufficient to trigger the prohibition of the constitutional provision. You specifically raise the question of whether the prohibition extends to state projects funded entirely by federal funds. We believe the source of funds in such an instance is immaterial since the appropriation of the money is sufficient to cause the invocation of the constitutional provision. Federal funds received by the State are appropriated. Acts 1973, ch. 659, p. 1786 at 2208; Senate Bill 52, 64th Leg., 1975 Appropriations Act, title V, § 10.

The language of the constitution forbidding "direct or indirect" interest of a legislator has been interpreted to prohibit contracts with a legislator's partner or firm.   Attorney General Opinion M-801 (1971).

Contracts with cities, school districts and federal agencies are not prohibited by article 3, section 18 of the Constitution.  However, before any contract is made the legislator should examine it in light of sections 1 and 8 of article 6252-9b, V. T. C. S., which provide:

> Section 1. It is the policy of the State of Texas that no state officer or state employee shall have any interest, financial or otherwise, direct or indirect, or engage in any business transaction or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. To implement this policy and to strengthen the faith and confidence of the people of Texas in their state government, there are provided standards of conduct and disclosure requirements to be observed by persons owing a responsibility to the people of Texas and the government of the State of Texas in the performance of their official duties.  It is the intent of the legislature that this Act shall serve not only as a guide for official conduct of these covered persons but also as a basis for discipline of those who refuse to abide by its terms.

> . . .

> Sec. 8.  (a) No state officer or state employee should accept or solicit any gift, favor, or service that might reasonably tend to influence him in the discharge of his official duties or that he knows or should know is being offered him with the intent to influence his official conduct.

> (b) No state officer or state employee should accept employment or engage in any business or professional activity which he might reasonably expect would require or induce him to disclose confidential information acquired by reason of his official position.

(c) No state officer or state employee should accept other employment or compensation which could reasonably be expected to impair his independence of judgment in the performance of his official duties.

(d) No state officer or state employee should make personal investments which could reasonably be expected to create a substantial conflict between his private interest and the public interest.

(e) No state officer or state employee should intentionally or knowingly solicit, accept, or agree to accept any benefit for having exercised his official powers or performed his official duties in favor of another.

Whether a transgression of section 8 has occurred is a question of fact to be determined by the house of the Legislature of which the individual is a member.   Attorney General Opinion H-614 (1975); See Ex Parte Youngblood, 251 S.W. 509, 510 (Tex. Crim. App. 1923).

## SUMMARY

Neither a legislator nor his firm may contract with the State or a county if the subject of the contract was authorized or funded by a Legislature of which the individual was a member.  Any contract with other governmental bodies should be examined in light of article 6252-9b, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: